In the Matter of Harry **KRAVITZ** and Jacob Rovner, also known as Jack Rovner, individually and as co-partners trading as Lincoln Tire Co., Bankrupts.

No. 25293.

United States District Court
E. D. Pennsylvania.
Aug. 18, 1961.

**316**

Wexler, Mulder & Weisman, Adelman & Lavine, Philadelphia, Pa., for trustee.

Shirley Rae Don, Philadelphia, Pa., John J. Gain, Asst. Atty. Gen., Harrisburg, Pa., for Commonwealth of Pennsylvania.

VAN DUSEN, District Judge.

On January 20, 1958, an Involuntary Petition in Bankruptcy was filed against the above-named debtors (Document No. 1) and on February 7, 1958, they were adjudicated bankrupts (Document No. 15). The debtors were engaged in the retail sales business and were, therefore, subject to pay the Pennsylvania Sales Tax (Selective Sales and Use Tax Act of March 6, 1956, P.L. 1228), 72 P.S. § 3403—1 et seq. Subsequent to the filing of the Petition, a field auditor of the Commonwealth of Pennsylvania Sales and Use Tax Department made an audit by examining sales invoices covering one month of the debtors' business. On the basis of this audit, and using percentages based on one month's experience, the Department of Revenue on June 15, 1958, assessed additional Sales and Use Taxes for the years 1956 and 1957 in the total amount of $62,456.47 and sent notice of such assessments on the same day to

the bankrupts and the Trustee in Bankruptcy.[1]

On July 8, 1958, the Commonwealth filed a Proof of Claim, claiming priority for these taxes. The Trustee filed Objections to the Claim on February 27, 1959, and a hearing thereon was held on September 16, 1959, at which time the Commonwealth argued that the Referee did not have jurisdiction to entertain a hearing on the merits of the Objections. The Referee ruled that the Bankruptcy Court had jurisdiction (Document No. 28, N.T. 18) and proceeded to hear testimony on the merits. The hearing was adjourned before the testimony had been completed. On November 24, 1959, the Commonwealth filed a Motion to Dismiss Trustee's Objections to Commonwealth's Claim, which Motion was denied by the Referee's order of September 13, 1960.[2] The Commonwealth petitioned for review of this order and a Certificate of Review was granted by the Referee, which Certificate is presently before the Court.

It is the Commonwealth's position that the assessment of June 15, 1958, on which the Proof of Claim was based, became final and was not subject to further review because of the failure of the Trustee or the bankrupts to avail themselves of the administrative remedies provided by the Sales Tax Act,[3] and that, therefore, the Referee had no jurisdiction to determine objections to the Proof of Claim.

Section 64, sub. a(4) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(4), states in part:

"64a. The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of [the] bankrupt estates, and the order of payment, shall be

1. The bankrupts had filed returns for these years and had paid the amount due according to these returns, except, perhaps, for one check which was insufficient. The returns had not been questioned until after the Petition and Adjudication in Bankruptcy had been filed (see Document No. 28, pp. 5, 6 & 18 of testimony taken September 16, 1959).

2. An opinion in support of this order was handed down on October 25, 1960, and is set forth as part of Document No. 28.

3. The relevant portions of the Act and the applicable rules and regulations are set out as appendices A and B to the Commonwealth's brief (Document No. 29).

* * * (4) taxes legally due and owing by the bankrupt to the United States or any State or any subdivision thereof: * * * *And provided further, That, in case any question arises as to the amount or legality of any taxes, such question shall be heard and determined by the court*; * * *." (Emphasis supplied.)

Regarding the purpose of this Section, a recognized authority states:

"It has been indicated that the purpose of this provision is to afford a forum for the ready determination of the legality or amount of tax claims, which determination, if left to other proceedings, might delay conclusion of the bankruptcy proceedings interminably." [4]

Prior to 1941, it had been generally considered that a Bankruptcy Court possessed broad power in reviewing and redetermining claims for taxes allegedly due by a bankrupt.[5] In that year, however, the Supreme Court, in Arkansas Corp. Comm. v. Thompson, 1941, 313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244, held that the Bankruptcy Court did not have the power under § 64, sub. a(4) of the Act to hold a completely new hearing and set its own value on certain property which had already been assessed by a state quasi-judicial agency on the basis of a hearing in which the trustee in bankruptcy participated (see p. 144 of 313 U.S.). The assessment had been made for a year in which the company was undergoing reorganization and there had been no appeal therefrom. Subsequently, other cases have held that the Bankruptcy Court does not have jurisdiction to review a previous finding of property values subject to state taxes by a State court or quasi-judicial agency. E. g. Gardner v. State of New Jersey, 1946, 329 U.S. 565, 67 S.Ct. 467, 91 L.Ed. 504; Quinn v. Aero Services,

9 Cir., 1949, 172 F.2d 157; Com. of Pennsylvania v. Aylward, 8 Cir., 1946, 154 F.2d 714. It is the Commonwealth's position that these cases control the instant situation.

The holding in the Thompson case, supra, is much more restricted than the interpretation placed upon it by the Commonwealth. The United States Court of Appeals for the Third Circuit has interpreted it as follows in In re Monongahela Rye Liquors, 3 Cir., 1944, 141 F.2d 864, at page 868:

"The view we take of the decision in the Thompson case is that where, after a hearing, a quasi-judicial body, thereunto duly empowered, determines the amount of a tax due, with the right on the part of the taxpayer to a judicial review of the determination, all conformable with the requirements of due process, such determination, upon becoming final by operation of law, is conclusive upon a court of bankruptcy save for mathematical error in the computation of the amount of the tax or legal error in its assessment."

The facts of this case do not come within the foregoing construction of the Thompson case, supra. Here there was no hearing and no factual determination by a quasi-judicial body. It is also noted that the Thompson case, supra, did not involve a straight bankruptcy matter in which an assessment was made without the trustee's participation (see Monongahela case, supra, 141 F.2d at page 870) and after the filing of the Petition in Bankruptcy, as is the situation now before us.

The cases relied on by the Commonwealth are factually dissimilar from the instant case. Although the Rules of Procedure on Petitions of Reassessment of the Pennsylvania Department of Revenue do provide for appellate procedure,[6] it

---

4. Collier on Bankruptcy, 14th Ed., Vol. 3, p. 2186.

5. See Collier on Bankruptcy, 14th Ed., Vol. 3, pp. 2187–2193, and cases there cited.

6. Note, however, that a hearing on a Petition for Reassessment is held when "deemed necessary." See Rule No. 205 (b), Appendix B to Document No. 29.

does not follow that a final, quasi-judicial determination, as opposed to a ministerial determination (see Monongahela case, supra, at page 868), had been made in this case even at the time the Proof of Claim was filed. At that time, the only basis for the deficiency assessment was the audit by a Field Auditor of the Sales Tax Division of the Department of Revenue of one month's sales invoices. Also, the audit was made and the assessment determined after the Petition in Bankruptcy had been filed. None of the cases which have been brought to our attention have decided that, in the factual situation presented here, the Bankruptcy Court did not have jurisdiction over the State's Proof of Claim.

In view of the able opinion of Referee Wolfe (Document No. 28),[7] it is unnecessary to analyze the cases referred to in that opinion. As pointed out by the Referee, Lyford v. City of New York, 2 Cir., 1943, 137 F.2d 782,[8] is more similar to this case on its facts than the other cases on this point.

An examination of § 64 of the Bankruptcy Act, the legislative history of this Section, including the hearings held thereon,[9] and the cases which have been decided thereunder discloses that the Bankruptcy Court has jurisdiction to determine the Trustee's objections to this Proof of Claim. The Referee's order denying the Commonwealth's Motion to Dismiss Objections to Claim For Sales Tax will be affirmed.[10]

Order.

And Now, August 18, 1961, It Is Ordered that the Petition for Review is denied and the Order of the Referee dated September 13, 1960, denying the Commonwealth's Motion to Dismiss Objections to Claim For Sales Tax, is affirmed.

---

7. This opinion and the order affirming the Referee are not based on the last full paragraph on page 7 (page 15 of Document No. 28) of the Referee's opinion, since it is unnecessary to pass upon the contention discussed there.

8. In this case, as in the Lyford case, the contest does not concern the value of any items subject to tax but what receipts from sales are exempt. See 137 F.2d at page 787. In cases such as Com. of Pennsylvania v. Aylward, supra, the quasi-judicial tax agencies of the state approving the challenged tax had been invoked by the corporation prior to bank-

ruptcy, and also after bankruptcy, which is quite different from the situation presented by this record.

9. For legislative history, see 3 Collier on Bankruptcy pp. 2046–2056 and pp. 4–5 of Trustee's brief (Document No. 30). For some pertinent quotations from the House and Senate hearings regarding this section, see Collier on Bankruptcy, 14th Ed., Vol. 3, pp. 2204–2206.

10. It is noted that the Referee never completed the hearing on the merits and he may or may not accept the Commonwealth's position as to the amount of the State tax.